IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL L. FLOWERS,** | |
| **Plaintiff,** | |
| v. | Case No. 22-cv-00520-SPM |
| **TONY JONES,<br>SARA CHANDLER, and<br>TRAVIS NOTTMEIRE,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Michael L. Flowers, who is currently being held at Chester Mental Health Center ("CMHC"), filed this lawsuit alleging that he is not being provided adequate preventative care for his prostate cancer in the form of a nutritional supplement. He requests monetary damages and injunctive relief.

Flowers has not informed the Court as to his confinement status as a civil detainee, pre-trial detainee, or prisoner. Regardless, he has filed a motion to proceed *in forma pauperis*, and therefore, the Court must conduct a review of the Complaint. Under Section 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Flowers has done so here. But the Court's inquiry does not end there, because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff (those filed by prisoners and non-prisoners alike).

A court can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B).

The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

### THE COMPLAINT

Flowers alleges the following: A few years ago, he was diagnosed with low-grade prostate cancer. (Doc. 1). On March 31, 2021, he had an appointment to meet with a doctor who told Flowers, "it was up to Chester Mental Health Center to prescribe for [him] a food supplement for nutritional reasons only to help strengthen and stabilize [his] body immunity against the cancer disease." Flowers requested to be prescribed Ensure or the equivalent. For a while, Flowers was receiving Ensure and healthy food from family and friends who sent to him care packages twice a month. However, around July 2019, the treatment team and Unit Director Tony Jones stopped allowing patients to receive care packages. Around the same time, the commissary was replaced by vending machines, which do not sell food supplements or health snacks.

On May 5, 2021, Flowers spoke with Unit Director Jones about the need for a food supplement. Jones told Flowers that he would need to speak to Dr. Chandler. Jones stated that Flowers's body weight indicated that he did not need to be prescribed Ensure. Flowers informed Jones that he did not need the Ensure to maintain body weight but for nutritious reasons.

Flowers had an appointment with Dr. Chandler on May 11, 2021. Dr. Chandler informed Flowers that Chester did not have Ensure anymore. She suggested other "less nutritional options" such as a multi-vitamin and a protein milk drink.

Flowers states that the care team is deliberately trying to kill him and have him die of malnutrition.

#### DISCUSSION

Even though Flowers's custody status is unknown, the Court finds that Flowers has failed to state a claim for inadequate medical care under either the Fourteenth Amendment or the Eighth Amendment. *See McGee v. Adams,* 721 F. 3d 474, 480 (7th Cir. 2013) (a civil detainee's claims arise under the Fourteenth Amendment); *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (claims brought by a pretrial detainee are covered by the Fourteenth Amendment, while the Eighth Amendment concerns excessive force claims brought by a convicted person). The Fourteenth Amendment requires a plaintiff to plead that a defendant acted in a way that was "objectively unreasonable," which amounts to purposeful, knowing, or even reckless action. *Miranda,* 900 F. 3d at 353-4. The Eighth Amendment does not require that prisoners receive "unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Rather, they are only entitled to "adequate medical care." *Boyce v. Moore*, 314 F.3d 884, 888–89 (7th Cir. 2002); *see also Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997) ("Under the Eighth Amendment, [the plaintiff] is not entitled to demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her.")

Flowers does not allege that he is being denied medical care for his prostate cancer, only that he is not receiving the food supplement of his choice from Defendants. Flowers has been offered a multivitamin and a milk protein drink, but he believes that these options are not equivalent to the Ensure recommended by a previous doctor. His dissatisfaction with treatment does not rise to the level of a constitutional claim. These actions are not objectively unreasonable or deliberately indifferent, and Flowers is not entitled to demand specific care. *Walker v. Wexford Health Sources, Inc*., 940 F.3d 954, 965 (7th Cir. 2019); *Snipes v. DeTella,* 95 F.3d 586, 592 (7th Cir. 1996) (explaining that "[t]he Constitution is not a medical code that mandates specific medical treatment"). The Court further notes that Flowers also has not asserted any resulting injury but

claims his health is in jeopardy due to a lack of preventative care.

Accordingly, the Complaint is dismissed with prejudice for failure to state a claim. The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Here, however, there are no additional facts that would state a claim under the Fourteenth and Eighth Amendments for the denial of Ensure. Therefore, it would be futile to permit Flowers to amend.

## PENDING MOTIONS

Because this case will be dismissed with prejudice, all pending motions are **DENIED as moot.** (Doc. 2, 15).

## IFP STATUS

On March 21, 2022, the Court granted Flowers's motion to proceed *in forma pauperis* ("IFP"). (Doc. 8). However, 28 U.S.C. § 1915(e)(2) requires the denial of a plaintiff's motion for leave to proceed IFP if the complaint fails to state a claim upon which relief may be granted. *See Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).Thus, the Order granting Flowers leave to proceed IFP is **VACATED.** (Doc. 8). Flowers's IFP status is hereby **REVOKED.** The filing fee of $402.00 remains due and payable.

## DISPOSITION

For the reasons stated above, the Complaint is **DISMISSED with prejudice** for failure to state a claim. The Order granting the motion for leave to proceed IFP is **VACATED** (Doc. 8). Flowers's IFP status is hereby **REVOKED.** The filing fee of $402.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). All pending motions are **DENIED as moot.** (Doc. 2, 15).

If Flowers wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Flowers does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:   August 1, 2022**

                                                *s/Stephen P. McGlynn*
                                                **STEPHEN P. MCGLYNN**
                                                **United States District Judge**